# United States District Court
## STATE AND DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| V. | Case Number: |
| ROBERT MOHAN TIWARI | 10-mj -488 FLN |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

Count 1: On or about June 14, 2010, in Scott County, in the State and District of Minnesota, defendant did devise a scheme and artifice to defraud and to obtain money and property, namely a federal individual income tax refund in the amount of $906,419, by means of false and fraudulent pretenses, representations, and promises, namely by submitting to the Internal Revenue Service ("IRS") a materially false and fraudulent federal individual income tax return, and for the purpose of executing and attempting to execute the scheme and artifice to defraud, defendant did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain signals and sounds, namely an interstate electronic submission of the false and fraudulent federal individual income tax return from Minnesota to an IRS Service Center in Missouri, all in violation of Title 18, United States Code, Section 1343.

I further state that I am a(n)  Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Signature of Complainant
Matthew J. Schommer
IRS, Special Agent

Sworn to before me, and subscribed in my presence,

11/16/10
Date
THE HONORABLE FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

Name & Title of Judicial Officer

at  Minneapolis, MN
City and State

Signature of Judicial Officer

SCANNED
NOV 18 2010
U.S. DISTRICT COURT MPLS

STATE OF MINNESOTA            )
                             ) s.s. AFFIDAVIT OF MATTHEW J. SCHOMMER
COUNTY OF HENNEPIN            )

Your Affiant, MATTHEW J. SCHOMMER, being first duly sworn, states that the following is true and correct to the best of his knowledge and belief:

1.    Your Affiant is a Special Agent with the Internal Revenue Service Criminal Investigation Division ("IRS-CID"). Your Affiant has been so employed since August 2005 and is presently assigned to the St. Paul, Minnesota, IRS-CID Field Office.

2.    As a Special Agent, your Affiant is charged with investigating and have participated in investigations involving violations of federal revenue laws, money laundering, and Bank Secrecy Act offenses. Your Affiant has worked with investigators of federal, state and local law enforcement agencies. Your Affiant has prepared or assisted in the preparation of affidavits in other tax and non-tax investigations pertaining to the seizure of financial records, ledgers, books & records, cash and/or other valuables, other documentation reflecting tax and/or non-tax violations, and records confirming the acquisition and/or ownership of assets with proceeds of legal and illegal business activities.

3.    The statements contained in this Affidavit are based in part on information your Affiant has learned through my own investigation; your Affiant's background, training, and experience as a Special Agent with the IRS; and records and other evidence obtained during the course of this investigation. Where statements

of others are set forth, they are set forth in substance and in part. Because the purpose of the Affidavit is to obtain a criminal complaint, your Affiant has not included all facts and details about the investigation.

4.    Based on your Affiant's investigation as set out more fully below, your Affiant respectfully submits that there is probable cause to believe ROBERT MOHAN TIWARI ("TIWARI") violated Title 18, United States Code, Section 1343, by executing and attempting to execute a scheme and artifice to defraud and obtain money and property in this State and District using the interstate wires.

### 2009 TIWARI INDIVIDUAL FEDERAL INCOME TAX RETURN

5.    On June 14, 2010, a 2009 U.S. Individual Income Tax Return, Form 1040, with a listed taxpayer address of 22580 Baseline Boulevard, Jordan, MN, 55352, was submitted electronically using a tax software program called Turbo Tax.  The return was submitted under the name and Social Security number of ROBERT TIWARI claiming "head of household" status.

6.    The investigation has revealed that the 2009 TIWARI return was fraudulent in at least the following respects:

A.    **Income and Withholding**

i.    Taxpayers who earn income in the form of wages and other compensation from an employer will typically attach a Form W-2 to their tax return to report their earnings and related

2

tax withholdings.  When used lawfully, a taxpayer's Form W-2 is a summary of the amount of income earned and the federal, state, and/or local taxes withheld and remitted to the IRS for the respective tax year.

ii.  The 2009 TIWARI return includes a Form W-2 reflecting $1,894,210 in wages and compensation purportedly provided to TIWARI by HVAC Services Incorporated ("HVAC Services"), located at 22580 Baseline Boulevard, Jordan, MN.  The same W-2 further reflects an amount of $906,419 purportedly withheld for federal individual income tax purposes and purportedly remitted to the IRS.

iii. Your Affiant has reviewed records related to HVAC Services and the purportedly withheld and remitted amount. With respect to HVAC Services, IRS records reveal that an employer identification number was issued in or about May 2006 to HVAC Services located at TIWARI's residential address, namely 22580 Baseline Boulevard, Jordan, MN.  IRS records reveal that none of the $906,419 purportedly withheld and remitted to the IRS in 2009 was ever actually reported or remitted to the IRS.  In fact, no federal tax withholding whatsoever for any employee was reported or remitted to the IRS by or on behalf of HVAC Services in 2008 or 2009, and HVAC Services did not file a Form 1120, a Form 940, or a Form 944 for tax years 2008 and 2009 as would normally be required if HVAC Services was a going concern.

3

iv.   Federal bankruptcy records reviewed by your Affiant reveal that TIWARI and his spouse filed for Chapter 7 bankruptcy in 2009.   The Chapter 7 bankruptcy was filed on March 21, 2009.   Both TIWARI and his spouse signed the bankruptcy filing documents on March 21, 2009.   The termination date of the bankruptcy was September 30, 2009.   The address on the bankruptcy filing is 22580 Baseline Boulevard in Jordan, MN 55352.

v.   Schedule B of the bankruptcy filings ("personal property" section),   listed HVAC Services as a business TIWARI has some interest in or possesses stock.   TIWARI listed HVAC Services as having "No assets, No accounts receivable" and having a current value of $0.00.

vi.   On the Statement of Financial Affairs Form in the bankruptcy filing and as of the date of that filing, TIWARI and his spouse state they both received $0.00 in income from employment or the operation of a business in 2008 and 2009.

B.   **Itemized Deductions**

i.   In order to itemize deductions on an individual federal income tax return, the allowed deductions on a Schedule A ("Itemized Deductions") need to be greater than the standard deduction.   Examples of allowed deductions are medical expenses, mortgage interest, property taxes and charitable contributions. The itemized deductions are then used to reduce the taxable income of the individual and in turn reduce the amount of tax owed and, if

4

applicable, generate a refund amount.

ii. The following chart summarizes the itemized deductions as reflected on Schedule A of the 2009 TIWARI return:

| Itemized Deductions | | | | | |
|---|---|---|---|---|---|
| Year | Name | Medical Expenses | Taxes | Mortgage Interest | Charitable Contributions | Casualty Theft Loss |
| 2009 | ROBERT TIWARI | 1,107,821 | 74,144 | 660,552 | 25,000 | 405,295 |

iii. The IRS requires various record-keeping forms to be filed reporting information material to individual federal income taxes. One example is a Form 1098 to report mortgage interest paid, which is generated by the financial institution that holds the mortgage and is forwarded to the IRS. These forms are prepared, submitted, and retained using the name and Social Security number of the taxpayer.

iv. Your Affiant has reviewed IRS records to determine whether a Form 1098 Form exists for TIWARI with respect to the $660,552 mortgage interest deduction claimed in Schedule A of the 2009 TIWARI return. IRS records reveal that no Form 1098 exists with respect to the mortgage interest deduction claimed on the 2009 TIWARI return.

7. Based upon the purported wage and withholding amounts and itemized deductions summarized above, TIWARI claimed in the 2009 TIWARI return that he was due and owing an individual income tax refund of $906,419 (the full amount of money purportedly withheld by HVAC Services from TIWARI's wages and remitted to the IRS).

5

Based upon the information summarized above, the requested refund amount was fraudulent.

### SUBMISSION OF 2009 TIWARI RETURN USING THE INTERSTATE WIRES

8.   The 2009 TIWARI return was electronically submitted to the Kansas City (Missouri) IRS Service Center using the interstate wires, namely interstate wire transmissions through internet connectivity, as set forth more fully below.

9.   To electronically file a tax return with the IRS, a connection to the internet is required.   An Internet Service Provider ("ISP") supplies this internet connection to a customer. When a device (e.g. a computer) connects to the internet, the ISP assigns an Internet Protocol ("IP") address to the device, similar to a telephone number.   The ISP retains a historical log for a finite period of time, identifying the subscriber assigned the specific IP address during a certain date and time.   When an electronic return is filed, the IRS records the ISP, IP address, the time and the date.

10.   According to the IRS records, the ISP used in connection with the electronically-filed 2009 TIWARI return was Frontier Communications of America, and the associated IP address was 74.33.68.237.

11.   Your Affiant has received and reviewed Frontier Communications of America records related to the IP address 74.33.68.237.   The records reveal that that IP address corresponded

6

to telephone number XXX-XXX-6374 (entire number known to your Affiant). Frontier Communications of America records further reflect that the telephone number XXX.XXX.6374 is assigned to ROBERT TIWARI with a listed address of 22580 Baseline Boulevard, Jordan, MN, 55352.

### 22580 BASELINE BLVD, JORDAN, MN, 55352

12. According to the Minnesota Department of Motor Vehicle ("DMV") records reviewed by your Affiant, TIWARI and his spouse both reported a residential address of 22580 Baseline Boulevard, Jordan, MN, for purposes of issuance of a Minnesota Driver's License.

13. Additional DMV records reviewed by your Affiant reveal that TIWARI has four vehicles registered in his name with DMV. The address listed on each of the vehicle registrations is 22580 Baseline Boulevard, Jordan, MN.

14. On September 29, 2010, a federal search warrant was executed in connection with this investigation at 22580 Baseline Boulevard, Jordan, MN, 55352. TIWARI was at this location when the search warrant was executed.

### TIWARI'S RECEIPT AND ATTEMPTED DISPOSITION OF REFUND

15. On November 5, 2010, the IRS released a United States Treasury check payable to TIWARI in the amount of $685,438.36. This amount comprised a portion of the refund claimed in the 2009 TIWARI return. This U.S. Treasury check was mailed to TIWARI at

7

his home address of 22580 Baseline Blvd in Jordan, MN, 55352.

16.   Your Affiant determined through subsequent tracing of the refund check that TIWARI took the Treasury check to a Minneapolis-St. Paul metropolitan area Wells Fargo bank branch. TIWARI requested the $685,438.36 in cash, but was told the bank did not have that amount of cash.  A Wells Fargo employee explained to TIWARI that they could order the cash and it would be delivered at a later date.

17.   TIWARI instead deposited the U.S. Treasury check into his Wells Fargo account.  TIWARI took out $10,000.00 in cash and caused 35 separate cashier's checks to issue totaling most or all of the remaining funds.

18.   TIWARI then took 26 of the 35 cashier's checks to a Money Exchange business location in the Minneapolis-St. Paul metropolitan area.  Money Exchange personnel reported to your Affiant that the 26 checks totaled $537,000.  Your Affiant learned from further communication with Money Exchange personnel that Money Exchange explained to TIWARI they did not have that amount of cash and it would take a couple days to get the money delivered.  TIWARI agreed and left the 26 cashier's checks with Money Exchange.  In connection with the transaction, TIWARI provided Money Exchange with two forms of identification, namely a Minnesota Driver's License and a Social Security Card, both of were issued in the name ROBERT TIWARI.  The Minnesota Driver's License included an address

8

of 22580 Baseline Boulevard, Jordan, MN, 55352.

19. Money Exchange personnel inquired of TIWARI as to the cashier's checks. TIWARI stated that the funds reflected in the cashier's checks were derived from a U.S. Treasury check that had been deposited in TIWARI's Wells Fargo account. TIWARI further stated that the money was the result of a refund of overpaid taxes to the IRS that was the result of the sale of an HVAC (heating, ventilation, and air conditioning) business. TIWARI further stated that the sale of the HVAC business had generated a profit on which taxes had been overpaid.

20. Money Exchange has not provided TIWARI with any of the proceeds of the cashier's checks.

## CONCLUSION

21. Based upon my experience, training and knowledge and based upon the facts set forth above, your Affiant respectfully submits there is probable cause to believe ROBERT MOHAN TIWARI ("TIWARI") violated Title 18, United States Code, Section 1343.

Further the affiant sayeth not.

MATTHEW J. SCHOMMER
Special Agent, IRS-CID

Taken, subscribed, and sworn to before me
this 16th day of November, 2010.

The Honorable Franklin L. Noel
United States Magistrate Judge
District of Minnesota

9